## GEORGE H. LIVERMORE *vs.* DOLLY ANN BEMIS & another.

An executor of a will by which money is bequeathed to his ward, payable when she reaches
the age of twenty-one, has no right to transfer the same to his account as guardian be-
fore it becomes payable; and if he dies before that time, this cannot rightfully be done
by his administrator, in rendering an account of his guardianship; and if an account, in
which the amount received by him is so transferred, is rendered by his administrator and
allowed by the judge of probate, without notice to a surety upon his guardianship bond,
the latter may have leave to enter and prosecute an appeal, after the expiration of thirty
days from the date of the decree.

PETITION, dated December 26, 1860, for leave to enter and
prosecute an appeal from the decree of a judge of probate.
The petitioner set forth that he was a surety upon a bond given to
the judge of probate for Worcester county, given by Lewis Bemis
as principal, to secure the faithful performance by him of his duties
as guardian of Janette Bemis, his minor daughter, one of the
respondents; that, after the execution of the bond, Lewis Bemis
died, and the account of his guardianship was rendered by the
other respondent, Dolly Ann Bemis, as his administratrix, in
which he was charged with the receipt as guardian of $2356.62,
and with a balance of $2075.74 remaining in his hands as guar-
dian, which account was allowed on the 3d of January 1860;
that in fact the money was not received by Lewis Bemis as
guardian, but as executor of the will of Elizabeth Stearns, by
whom it was bequeathed to Janette, to be paid by Lewis Bemis,
as executor, when she should arrive at the age of twenty-one,
and that Janette had not reached that age when her father died;
that the petitioner had no notice of the filing or allowance of
the account until October or November 1860, so that without
default on his part he had omitted to enter an appeal. The re-
spondents filed a general demurrer.

*D. Foster*, for the respondents, submitted the case without argument.

*G. F. Hoar*, for the petitioner.

BY THE COURT. The money with which the administratrix of the guardian has charged him in the guardianship account was never received by him as guardian, and could not have been transferred from his account as executor to his account as guardian without a violation of his duty as executor, because the legacy did not become payable before the death of the guardian.

His administratrix, after his death, could not rightfully exonerate his sureties as executor, and make his sureties as guardian responsible, by settling a guardianship account and charging him in it with the receipt of that money as guardian.

*Petition granted.*